UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN MIKSCH,

    Petitioner,

    v.                               CAUSE NO.: 3:23-CV-980-TLS-JEM

WARDEN,

    Respondent.

## ORDER

John Miksch, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (ISP-23-3-303) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing an electronic device in violation of Indiana Department of Correction Offense 207. Following a hearing, he was sanctioned with the loss of ninety days earned credit time.

Miksch argues that he is entitled to habeas relief because he was denied a statement from Officer Lusby. According to Miksch, the hearing officer denied the request because there was no indication that Officer Lusby was present during the cell search in which the electronic device was found. He maintains that he wanted to ask about "a selected exclusion of physical evidence from this case." He further maintains that the conduct reports from ISP 23-3-297 and ISP-23-3-304 demonstrate that Officer Lusby was present during the cell search.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as

well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

As suggested by Miksch, the conduct report from ISP-23-3-304 identifies Officer Lusby as the reporting employee, and some of the information on the report is generally consistent with the conduct report that is the subject of this case, including the identity of the offending inmate and the time and location of the offense. ECF No. 1-1 at 10–11. That said, the conduct report is incomplete and unsigned with no narrative description of misconduct, and the particular circumstances of this incomplete conduct report remain unclear. Further, Miksch did not provide a copy of the conduct report for ISP 23-3-297. Moreover, even assuming that Officer Lusby was present during the cell search, Miksch does not explain what physical evidence he believes was excluded or what response he anticipated from Officer Lusby. In other words, Miksch offers no indication of how Officer Lusby statement might have affected the outcome of the disciplinary hearing. Therefore, this claim is not a basis for habeas relief.

Miksch argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Miksch's filings demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF No. 1, ECF No. 1-1 at 6–7, 13, ECF No. 9-1. Therefore, the argument that Miksch received inadequate assistance from a lay advocate is not a basis for habeas relief.

Miksch also argues that he is entitled to habeas relief due to various violations of departmental policy, including the untimely delivery of forms, an untimely conduct report, and

2

spelling errors. The failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that state-law violations provide no basis for federal habeas relief); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Miksch has not asserted a valid claim for habeas relief, the habeas petition is denied. If Miksch wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court hereby:

(1) DENIES the habeas corpus petition [ECF No. 1];

(2) DIRECTS the Clerk of Court to enter judgment and close this case; and

(3) DENIES John Miksch leave to proceed in forma pauperis on appeal.

SO ORDERED on May 2, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT